


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>Owner of website dustfreetoday.com,<br><br>*Defendant.* | Case No. **1:22-CV-02577**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br>JUDGE DOW JR.<br>MAGISTRATE JUDGE WEISMAN |

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), brings this action against Defendant Owner of website dustfreetoday.com, a fictitious entity ("Defendant"), and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. One thing is for certain, this telemarketer is good, very sneaky, and smart. But these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant is being fictitiously named here because its true name is not yet known. Plaintiff has reasonably inquired as to their identity and has been unable to identify the true indispensable party. The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and service of the allegedly responsible entity.

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The

1

States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

4. This case involves a campaign by Defendant, to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

7. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

10. Defendant Owner of website dustfreetoday.com is a company which is engaging in illegal telemarketing calls. Owner of website dustfreetoday.com may be an LLC or other company, or an individual and a substitution of parties will occur once their identity is ascertained.

11. Defendant is a person as defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

14. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

15. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

16. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of

the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

19. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

20. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

21. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

**FACTUAL ALLEGATIONS**

22. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

23. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

24. Plaintiff is the account holder and customary user of his phone number.

25. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

26. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

27. Defendant is an air duct cleaning company which is engaging in telemarketing.

28. **Call 1.** On or about November 30, 2021, at 1:31 PM Chicago Time, Plaintiff received a telephone call from Defendant, from a phone number of 424-234-1445.

29. Upon Plaintiff picking up the phone and providing a greeting, Plaintiff heard a beep followed by a longer than natural pause, followed by a "Lisa" stating she was selling home air duct cleaning services. Lisa provided the website https://www.dustfreetoday.com and a call back number of 240-288-5004.

30. **Call 2.** On or about November 30, 2021, at 1:46 PM Chicago Time, Plaintiff received a telephone call from Defendant, from a phone number of 424-324-6136.

31. When Plaintiff picked up the phone, it was once again Lisa soliciting home air duct cleaning services. Lisa was calling to say that Plaintiff was outside Defendant's service area.

32. Defendant masked its telephone number to not reveal its true telephone number.

33. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

34. Defendant uses the website https://www.dustfreetoday.com to run its telemarketing scheme.

35. Defendant used a call back number of 240-288-5004, and as of this filing, lists a telephone number of 888-655-3304 on its website.

36. Notwithstanding the footer of the website stating that the company name is "Dust Free Today, Inc", Plaintiff, following research, has been unable to find a legal entity with that name, further demonstrating the knowingly and willful nature of the TCPA violations.

37. The above website is registered privately with NameSilo, LLC, and the identity of the owner(s) is/are masked by PrivacyGuardian. The domain is hosted with NameCheap.

38. At least one of Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

39. Defendant's phone call 1 utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

40. Plaintiff did not have a prior business relationship with the affiliate.

41. Defendant did not have any consent to call Plaintiff.

42. Defendant is not an organization exempt from the TCPA.

43. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

44. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

45. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

46. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

47. In total, Defendant and/or its affiliates placed at least two (2) telephone solicitation calls to Plaintiff.

48. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

49. Defendant has a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

50. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

52. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

53. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

54. Plaintiff is also entitled to an award of costs.

55. Defendant's calls were not made for "emergency purposes."

56. Defendant's calls to Plaintiff were made without any prior express written consent.

57. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

58. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

59. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

60. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

61. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

### COUNT 1.
Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

62. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

63. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

64. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

65. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

66. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

67. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

68. Defendant called Plaintiff's telephone at least two (2) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

69. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the two (2) telephone calls.

70. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.
### Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

71. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

72. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

73. Defendant violated this provision during the telephone calls by not identifying themselves adequately during some of the telephone calls it made. Defendant never provided its true indispensable party name.

74. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the two (2) telephone calls which Defendant did not identify themselves properly.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 4.
### Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413

75. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

76. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

77. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

78. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

### COUNT 5.
Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

79. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

80. The ATDA prohibits impeding the function of Caller ID.

81. Nonetheless, Defendant or one of its affiliates or vendors impeded the function of caller ID.

82. The ATDA allows for the recovery of statutory damages of $500 per violation.

83. Defendant violated the Caller ID provisions each time it masked its caller ID, for a total violation count of two (2) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $6,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

G. Statutory damages of $500 per violation for violations of the Illinois Automatic Telephone Dialers Act;

H. Statutory damages of $500 per violation of 47 C.F.R. § 64.1200(d)(4) concerning identification of caller;

I. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

J. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

K. Leave to amend this Complaint to conform to the evidence presented at trial; and

L. Any other relief this Court deems proper.

Respectfully submitted,

Dated: May 16, 2022

/s/ Jorge Alejandro Rojas
Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*