IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, *Plaintiff,* vs. Owner of website dustfreetoday.com, *Defendant*. | Case No. 1:22-CV-02577 <br><br> Judge Dow <br> Magistrate Judge Weisman <br><br> **EX PARTE APPLICATION FOR SUBPOENAS DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANT** |

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), respectfully moves this Court ex parte to grant him permission to have the Clerk of the Court issue two Fed. R. Civ. P. 45 subpoenas duces tecum to determine the identity of the true Defendant(s) in this matter. The subpoenas requested are narrow, limited, and restricted. In support thereof, Plaintiff states as follows:

Plaintiff commenced this action on May 16, 2022, alleging Defendant Owner of website dustfreetoday.com, a fictitious entity placeholder violated numerous telemarketing laws, including the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling Plaintiff at least twice for the purposes of solicitation using an automatic telephone dialing system and in violation of the do not call list. Dkt. 1. The Defendant in this case has been able to be secret and conceal its true identity. However, that does not give it the right to violate federal law without penalty. The requested subpoenas are sought to identify the true owners and entities behind a website provided to Plaintiff over the phone during the telephone call.

1

During the telephone call, the telemarketer provided a website of http://dustfreetoday.com, which based upon a WHOIS search identifies the domain name registrar as NameSilo, LLC **(Exhibit 1)**. The domain is hosted with NameCheap. **Exhibit 2.**

The registration information of those websites is currently private and masked, which prevents Plaintiff from identifying who the owner(s) are. The requested subpoenas will identify the true name of the Defendant because the owner of the web page is highly likely to be the person or entity that has made the illegal telemarketing calls complained of in this action. Because the website owners must have provided their information to NameSilo, LLC, their domain registrar, and NameCheap, the hosting company, when purchasing and hosting the website. Plaintiff requests the Court grant the issuance of the following subpoenas seeking the production of documents:

1. NameSilo, LLC, seeking, "The owner, administrative, billing, and technical contact information (name, address, e-mail, telephone number) for domain name dustfreetoday.com."

2. NameCheap, seeking, "The owner, administrative, billing, and technical contact information (name, address, e-mail, telephone number) for the account hosting domain name dustfreetoday.com."

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendant's actions. The owner of the website will have an opportunity to oppose the requested subpoena, to the extent it is granted, by seeking to quash the same, as the subpoena'd entities should provide their customers notice. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is

behind Dust Free Today is operating behind that ambiguous name in order to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendant is currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least twice despite not having the required consent to do so, using an automatic telephone dialing system and in violation of the National Do Not Call Registry provisions.

Other Courts have used "Notaro" factors when evaluating whether early discovery is appropriate. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). While Plaintiff does not believe that this Circuit has adopted that approach, the factors weigh in favor and support the granting of this request. The *Notaro* factors are: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Plaintiff will suffer irreparable injury unless this application is granted, as he is unable to pursue his claims without knowing the true indispensable entity to pursue them against, which the subpoenas will identify. The information on the website provided by Defendant caller has not been enough to identify the true indispensable entity behind the calls. For example, despite the caller providing a website of https://www.dustfreetoday.com, that website does not help Plaintiff identify

3

the indispensable party at issue. The website has a footer that has six different addresses in five states. Plaintiff has also attempted to e-mail the address on the website, but it has bounced.

As to the second factor, Plaintiff believes he is likely to succeed on the merits. As alleged in the Complaint, Plaintiff received at least two telemarketing phone calls without required consent. As to the third factor, the discovery requested will avoid the irreparable injury, because it would identify who runs the website, and allow him to pursue claims against that party. As to the fourth factor, Plaintiff does not believe Defendant will be injured by this request, given that the parties subject to the subpoenas will provide an opportunity to the account owner(s) to object to the request. Plaintiff also will not share the information obtained in the subpoenas outside of the context of this litigation. Moreover, the Defendant still can oppose the relief requested in the complaint after being identified, including the opportunity to raise any affirmative defenses.

In a similar case, the Southern District of California granted a request for early discovery to identify a TCPA defendant. *Stark v. ABC, Inc. et. al,* 19-cv-2405, Dkt. 13. There, the Court noted the following test:

> "First, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that would make service of process possible."

Applying that test to this case, the first factor is met because the emails received from Defendants identify that a true entity is behind the calls. As to the second factor, a good faith effort has also been made to identify Defendant prior to making this motion. Plaintiff has searched

4

through corporation databases to try to find a "Dust Free Today Inc" but has been unable to[1]. He has also attempted to e-mail the address identified on the website but it has bounced. As to the third factor, Plaintiff believes he has asserted all the elements of a TCPA claim in his Complaint. As to the fourth factor, the information gathered from the subpoenas, including name and address, will allow the complaint to be amended and then service of process be commenced.

Also similarly, Plaintiff has sought a subpoena in another case, which was granted in similar circumstances. *Rojas v. John Doe, Inc.,* 1:22-CV-02238, Dkt. 7.

The requested information is sought ex parte because pursuant to the discovery rules, Plaintiff has not been able to hold a Rule 26 conference as the Defendant has yet to be identified. Plaintiff is unaware of any counsel for Defendant and has been unable to confer with them.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoenas. Following being provided the requested information, Plaintiff will amend the Complaint to reflect the correct indispensable parties. Plaintiff proposes providing routine status reports to this Court. A proposed order is included with this filing.

Respectfully submitted,

Dated: May 17, 2022    /s/ Jorge Alejandro Rojas
  Jorge Alejandro Rojas
  557 Cambridge Way
  Bolingbrook, IL 60440
  Rojas.jorge96@gmail.com
  424-219-1582
  Plaintiff in *Pro Se*

---

[1] Relatedly, Plaintiff has found a near identical website, https://www.airdeluxehome.com.