IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>BARRY MARTIN, ISSAC J HUNT, NADIA MARTINEZ, OWNER OF HVACLEADSPRO.COM, OWNER OF CLEANINGLEADSPRO.COM, OWNER OF ALLCITYDUCTCLEANING.COM, and OWNER OF SOLARLEADSHUB.COM,<br><br>*Defendants*. | Case No. 1:22-CV-02577<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), files this Amended Complaint[1] against Defendants Barry Martin, Issac J Hunt, Nadia Martinez, Owner of HVACLeadsPro.com, Owner of CleaningLeadsPro.com, Owner of AllCityDuctCleaning.com, and Owner of SolarLeadsHub.com, (collectively "Defendants"), and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. This case is about several individuals who work in concert with one another to make telemarketing calls for air duct cleaning, solar installation, and janitorial cleaning purposes, and make those calls to individuals without having prior express consent. While Plaintiff has been able to identify some of the Defendants in this action based on investigation and the Court's prior granted subpoenas, Plaintiff intends to seek further discovery in a separate motion to identify any additional entities or individuals participating in this telemarketing

---

[1] Plaintiff files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). Defendant Owner of website dustfreetoday.com is terminated, Defendants Barry Martin, Issac J Hunt, Nadia Martinez, Owner of HVACLeadsPro.com, Owner of CleaningLeadsPro.com, Owner of AllCityDuctCleaning.com, and Owner of SolarLeadsHub.com are added.

1

scheme. Defendants utilize a multitude of websites as part of their network of telemarketing to evade liability.

2. One thing is for certain, this telemarketer is good, very sneaky, and smart. But these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Some Defendants are being fictitiously named here because its true name is not yet known. Plaintiff has reasonably inquired as to their identity and has been unable to identify the true indispensable party. The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and service of the allegedly responsible entity.

3. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

4. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

5. This case involves a campaign by Defendants, to obtain business via themselves or affiliates making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendants as they regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

8. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

11. Defendant Barry Martin is an individual who based upon information and belief resides in either Texas or Wyoming.

12. Defendant Issac J Hunt is an individual who based upon information and belief resides in Texas.

13. Defendant Nadia Martinez is an individual who based upon information and belief resides in Texas.

14. Defendant Owner of HVACLeadsPro.com is a fictitious entity and following discovery will be substituted with its true entity name, and operates the website HVACLeadsPro.com.

15. Defendant Owner of CleaningLeadsPro.com is a fictitious entity and following discovery will be substituted with its true entity name, and operates the website CleaningLeadsPro.com.

16. Defendant Owner of AllCityDuctCleaning.com is a fictitious entity and following discovery will be substituted with its true entity name, and operates the website AllCityDuctCleaning.com.

17. Defendant Owner of SolarLeadsHub.com is a fictitious entity and following discovery will be substituted with its true entity name, and operates the website SolarLeadsHub.com.

18. Defendants are each a person as defined by 47 U.S.C. § 153(39).

19. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

20. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47

U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

21. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

22. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

23. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

24. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

25. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

26. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

27. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

4

28. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

## ALLEGATIONS

29. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

30. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

31. Plaintiff is the account holder and customary user of his phone number.

32. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

33. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

34. Defendants are individuals who operate a lead generation company that specializes in solar, air duct cleaning, and janitorial cleaning leads, which is engaging in telemarketing.

35. **Call 1.** On or about November 30, 2021, at 1:31 PM Chicago Time, Plaintiff received a telephone call from Defendants, from a phone number of 424-234-1445.

36. Upon Plaintiff picking up the phone and providing a greeting, Plaintiff heard a beep followed by a longer than natural pause, followed by a "Lisa" stating she was selling home air duct cleaning services. Lisa provided the website https://www.dustfreetoday.com and a call back number of 240-288-5004.

37. **Call 2.** On or about November 30, 2021, at 1:46 PM Chicago Time, Plaintiff received a telephone call from Defendants, from a phone number of 424-324-6136.

38. When Plaintiff picked up the phone, it was once again Lisa soliciting home air duct cleaning services. Lisa was calling to say that Plaintiff was outside Defendants' service area.

39. Defendants masked their telephone number to not reveal its true telephone number.

40. Plaintiff alleges that Defendants trains their affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

41. Defendants use the website https://www.dustfreetoday.com to run their telemarketing scheme, among others.

42. Defendant used a call back number of 240-288-5004, and as of this filing, lists a telephone number of 888-655-3304 on its website.

43. A Better Business Bureau listing exists for this telephone number, https://www.bbb.org/us/md/baltimore/profile/air-duct-cleaning/air-deluxe-home-0011-90361711, which provides a company name of "Air Deluxe Home" and an address of 940 Madison Ave Baltimore, MD 21201, with a complaint from August 2021 which states "These people call several times a week, each time spoofing a different phone number. Every time they call, they are told we are not interested and to stop calling us. Thus far, they have refused to stop calling. There is absolutely no reason for me having to repeat myself this many times."

44. Similarly, a Yelp page exists for this entity, https://www.yelp.com/biz/air-deluxe-home-services-baltimore, with several reviews from various parts of the country stating that they are engaging in illegal telemarketing.

45. Notwithstanding the footer of the website stating that the company name is "Dust Free Today, Inc", Plaintiff, following research, has been unable to find a legal entity with that name, further demonstrating the knowingly and willful nature of the TCPA violations.

46. The above website is registered privately with NameSilo, LLC, and the identity of the owner(s) is/are masked by PrivacyGuardian. The domain is hosted with NameCheap.

47. **Call 3.** On or about September 13, 2022 at 11:54 AM Chicago time, Plaintiff received a telephone call from Defendants, from telephone number 424-424-1508.

48. When Plaintiff answered the phone, he heard a beep, followed by a longer than natural pause, followed by a "James" with "Dust Free Home Services" introducing himself. James, when asked for a website, provided http://dustfreetoday.com.

49. Plaintiff moved this Court for the issuance of subpoenas to identify the identity of the owner of dustfreetoday.com.

50. NameSilo, one of the respondents of the subpoenas, produced responsive records, identifying "Sk Telco" as the registrant, administrative, technical, and billing contacts. An additional name identified is "Tazim Mulk," which the address provided by NameSilo is located in Bangladesh.

51. The NameSilo responsive records provided an email address of barry.martin497@gmail.com.

52. NameCheap, one of the respondents of the subpoenas, produced responsive records, identifying "Tazim Mulk" as the account holder of the hosting services of http://dustfreetoday.com.

53. Based on investigation performed by Plaintiff, the email identified in the NameSilo records, barry.martin497@gmail.com, is associated with a Barry Martin, who upon information and belief Plaintiff believes is in Texas.

54. Plaintiff emailed the address of Barry Martin on October 15, 2022, to resolve this action but did not receive a response.

55. Mr. Martin's "Quora" profile, as of this filing, states "Currently, we are focusing our resources on developing reliable business channels for HVAC technicians operating in these countries. Connect with me on Facebook to discuss possible opportunities that will be designed to scale your business." https://www.quora.com/profile/Barry-Martin-67.

56. On March 22, 2022, Mr. Martin posted on his Quora page, "To all the technicians currently looking for work or seeking newer strategies or innovative ways of successfully growing their duct cleaning & repairing services. Exclusive appointment setting and dedicated lead generation for HVAC technicians." With a link to https://hvacleadgeneration.quora.com, which states "We ensure our best effort for generating the best air duct cleaning leads in your area! Our team works around the clock on your behalf to establish a trustworthy and long term business between you and the home owners. The best part of our HVAC leads & appointment setting program is that it enables you to concentrate on your core business as we begin to manage your calendar as well as book appointments on your behalf. Our intention is not just to hand you over a spreadsheet with names and contact information, but also make sure you get to visit every prospect, provide an estimate, and close the deal, in exchange for a subscription."

57. The above referenced site also states that Mr. Martin, Nadia Martinez, and Musnad Ahmed are admins of the above referenced page.

58. Mr. Martin is in the lead generation business for janitorial and commercial cleaning services as well. On October 20, 2022, he posted on his Facebook page,

https://www.facebook.com/barry.martin.12532364/, "🏅We Are Looking for Janitorial/Commercial Cleaning Appointments🏅 🏅We are working in 30 different areas in the US. 🏅Same day payment to the appointment setters 🏅Payment per visited and quoted appointment. 🏅Payment Method: Wire Transfer, PayPal, Payoneer, Zelle. If interested, WhatsApp me: (469) 949-6601 #janitorialservices #janitorialappointments #janitorialleads #appointmentsetting #commercialcleaningleads."

59. Mr. Martin's Facebook page contains a picture of HVAC Leads Pro, which matches that of the website https://www.facebook.com/hvacleadspro/ and https://www.hvacleadspro.com/contact/.

60. Based on investigation, including Mr. Martin's own statements posted online, it is clear that Mr. Martin plays a substantial role in the conduct alleged in this Complaint.

61. Based on investigation, including Mr. Hunt's own statements posted online, it is clear that he plays a substantial role in the conduct alleged in this Complaint.

62. Based on investigation, including Ms. Martinez own statements posted online, it is clear that she plays a substantial role in the conduct alleged in this Complaint.

63. Mr. Martin and Ms. Martinez have made several social media posts online seeking business for their lead generation company, and Mr. Hunt's profile is also listed on Janitorial Leads Pro's website as that of a management official. Janitorial Leads Pro is connected to the duct cleaning operation based on the terms of service on the HVAC Leads Pro website.

64. The HVAC Leads Pro website Terms and Conditions connect Janitorial Leads Pro with HVAC Leads Pro as working together or being the same entity. https://www.hvacleadspro.com/terms-and-conditions/.

65. The HVAC Leads Pro website contains a physical address of 226 Sherwood Ave, Farmingdale, NY 11735, and a telephone number of 646-583-1385.

66. The telephone number 646-583-1385 is the same one listed on the Janitorial Leads Pro website contact page. https://janitorialleadspro.com/contact/. The Janitorial Leads Pro website contains an address of 2253 Wood Street New York NY 11572.

67. The Janitorial Leads Pro website contains several posts made by Nadia Martinez. https://janitorialleadspro.com/author/nadiamartinez/. There are also posts made on online forums by Ms. Martinez concerning HVAC leads, including

https://www.truckmountforums.com/tags/hvac-leads-pro/ and https://www.truckmountforums.com/threads/social-media-trends-for-air-duct-cleaning-service-in-2018.127682/. She characterizes herself as "Business Development and Digital Marketing Manager at Janitorial Leads Pro" on the website https://ezinearticles.com/expert/Nadia_Martinez/2556439.

68. The HVAC Leads Pro website Terms and Conditions governing law section implies that at least some Defendants are incorporated or located in New York, but Plaintiff has been unable to locate a registered New York entity associated with Defendants at this time.

69. The address of 2253 Wood Street New York NY 11572 is also listed on https://www.solarleadshub.com/contact/, along with the phone number contained on the HVAC Leads Pro website.

70. HVAC Leads Pro website states "HVAC Leads Pro initiated on a small scale in early 2014 gathering air duct cleaning leads through the help of cold calling telemarketers."

71. A search of Mr. Martin's contact information also reveals that he has another website for similar purposes, https://www.allcityductcleaning.com, whose terms of service, https://www.allcityductcleaning.com/terms-of-use/, provide an address of 1335 Rockville Pike, Rockville, MD 20852 and a telephone number of (866) 339-0282.

72. The telephone number listed on the All City Duct Cleaning website is liked to Sky Bright Home Services, https://www.zoominfo.com/c/sky-bright-home-services-inc/1287611708, but Plaintiff has been unable to find that entity in corporate registration databases.

73. Plaintiff believes that the individual Defendants work in concert with one another and perform lead advertising for solar, air duct cleaning, and janitorial services. Plaintiff further alleges that all these entities are jointly and severally liable for the conduct alleged in this action. These entities share identical information on their websites connecting them to each other, demonstrating that they are related.

74. A Google search of Mr. Martin's email also reveals another air duct cleaning website which contains his information, https://www.allcityductcleaning.com/terms-of-use/, which also contains a link to a Facebook page of https://www.facebook.com/allcityductcleaning/.

75. SkyTech BPO, a foreign entity, has a website which includes Barry Martin, Issac J Hunt, and Wilber James listed as success stories for its telemarketing services. https://www.skytechbpo.com/case_study_working_area/b2b-lead-generation/.

76. The Defendants therefore list several different, potentially shell, addresses on their websites to have what appears to be a physical presence in the world. Their marketing scheme, based on their websites, appears to be to obtain "leads" and then resell them to local air duct, solar, and cleaning companies.

77. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

78. The individual defendants in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

79. Defendants' phone calls 1 and 3 utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

80. Plaintiff did not have a prior business relationship with the Defendants.

81. Defendants did not have any consent to call Plaintiff.

82. Defendants are not an organization exempt from the TCPA.

83. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

84. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

85. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

86. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

87. In total, Defendants and/or their affiliates placed at least three (3) telephone solicitation calls to Plaintiff.

88. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

89. Defendants have a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.
90. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.
91. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
92. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
93. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
94. Plaintiff is also entitled to an award of costs.
95. Defendants' calls were not made for "emergency purposes."
96. Defendants' calls to Plaintiff were made without any prior express written consent.
97. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
98. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
99. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
100. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
101. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

102. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

103. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

104. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

105. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

106. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

107. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

108. Defendants called Plaintiff's telephone at least three (3) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

109. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls.

110. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage

amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.

<u>Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)</u>

111. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
112. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.
113. Defendants violated this provision during the telephone calls by not identifying themselves adequately during some of the telephone calls it made. Defendants never provided its true indispensable party name.
114. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls which Defendants did not identify themselves properly.
115. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 4.

<u>Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413</u>

116. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
117. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).
118. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.
119. Each call Defendants made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 5.

Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

120. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
121. The ATDA prohibits impeding the function of Caller ID.
122. Nonetheless, Defendants or one of their affiliates or vendors impeded the function of caller ID.
123. The ATDA allows for the recovery of statutory damages of $500 per violation.
124. Defendants violated the Caller ID provisions each time it masked its caller ID, for a total violation count of three (3) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $13,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

G. Statutory damages of $500 per violation for violations of the Illinois Automatic Telephone Dialers Act;

H. Statutory damages of $500 per violation of 47 C.F.R. § 64.1200(d)(4) concerning identification of caller;

I. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

J. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

K. Leave to amend this Complaint to conform to the evidence presented at trial; and

L. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 12, 2022

/s/ Jorge Alejandro Rojas
Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*