IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>BARRY MARTIN, ISSAC J HUNT, NADIA MARTINEZ, OWNER OF HVACLEADSPRO.COM, OWNER OF CLEANINGLEADSPRO.COM, OWNER OF ALLCITYDUCTCLEANING.COM, and OWNER OF SOLARLEADSHUB.COM,<br><br>*Defendants*. | Case No. 1:22-CV-02577<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Weisman<br><br>**EX PARTE APPLICATION FOR SUBPOENAS DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANT** |

  Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), respectfully moves this Court ex parte to grant him permission to have the Clerk of the Court issue five Fed. R. Civ. P. 45 subpoena duces tecum to determine the identity of the true Defendant(s) and to facilitate service of process in this matter. The subpoenas requested are narrow, limited, and restricted.

  Plaintiff commenced this action on May 16, 2022, alleging Defendant Owner of website dustfreetoday.com, a fictitious entity placeholder violated numerous telemarketing laws, including the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling Plaintiff at least twice for the purposes of solicitation using an automatic telephone dialing system and in violation of the do not call list. Dkt. 1. The Defendant in this case has been able to be secret and conceal its true identity. However, that does not give it the right to violate federal law without penalty.

  On May 17, 2022, Plaintiff moved the Court for the issuance of early subpoenas. Dkt. 4. Following this case's transfer to Judge Gottschall, the Court granted the subpoena on October 13, 2022. Dkt. 14. Plaintiff then identified the identity of Barry Martin as being the e-mail address on file concerning dustfreetoday.com's domain registration.

  On December 12, 2022, Plaintiff filed his first Amended Complaint. Dkt. 15. In that Amended Complaint, Plaintiff named several additional parties. As alleged in the Amended

1

Complaint, the parties are working in concert with one another as part of their telemarketing scheme advertising air duct cleaning products. Plaintiff also alleges that they are also working together in order to hide their identities and location from the public.

Plaintiff moves for additional subpoenas to identify any additional actors associated with the telemarketing scheme at issue, as well as to facilitate service of process.

**Subpoena 1 – Bandwidth.com – Records concerning 646-583-1385.** Plaintiff seeks a subpoena directed at Bandwidth.com, which Plaintiff has identified as the carrier of 646-583-1385, and any subsequent downstream telecommunications provider, seeking "Identifying information concerning 646-583-1385, including name, company name, phone number, address, e-mail, and any telephone numbers this number forwards to, of the wholesale customer, or of the end user if no wholesale customer, as of December 12, 2022"

The basis for this subpoena is that telephone number is identified on the website janitorialleadspro.com. The connection between janitorialleadspro.com and the air duct cleaning telemarketing scheme includes the fact that the terms and conditions for the HVAC Leads Pro website, available at https://web.archive.org/web/20221226215029/https://www.hvacleadspro.com/terms-and-conditions/, includes reference to "Janitorial Leads Pro" throughout it. The connection between HVAC Leads Pro includes the fact that Mr. Martin, whose email was produced in the responsive records from the earlier granted subpoena, has a Facebook page contains a picture of HVAC Leads Pro and website. Plaintiff notes this telephone number is also listed on HVAC Leads Pro's website.

Plaintiff believes this information requested is relevant and needed, because to date the only address he has been provided by the subpoena responsive records is a foreign address. The individuals engaging in the telemarketing may have provided a U.S. based address and entity information to the other resources that they use as part of their telemarketing scheme. Plaintiff believes that this information will also facilitate service of process. Plaintiff believes that the information is sufficiently limited to fulfill these purposes. Moreover, seeking the information concerning any telephone numbers that the telephone number forwards to will assist in the identification of any additional individuals who participate in this telemarketing scheme.

Plaintiff notes that this subpoena is directed at Bandwidth as well as any subsequent downstream telecommunications provider. Bandwidth.com at times re-sells its telephone numbers

to other companies, and any responsive records in its control will be that of the next telecommunications provider which re-sells the services versus the end user.

**Subpoenas 2, 3, 4 – NameSilo, LLC, PrivacyGuardian.org, SG Hosting, Inc – Records concerning hvacleadspro.com, cleaningleadspro.com, allcityductcleaning.com, solarleadshub.com.** Plaintiff seeks subpoenas to NameSilo, LLC (the domain registrar), Privacy Guardian.org (the entity masking the real domain ownership information), and SG Hosting, Inc (the hosting provider), seeking "Information identifying the owner, technical, and billing contact(s) for hvacleadspro.com, cleaningleadspro.com, allcityductcleaning.com, and solarleadshub.com as of December 12, 2022, including name, company name, address, e-mail, and phone number, and name used on payment transactions."

Plaintiff identifies the connection between hvacleadspro.com and cleaningleadspro.com and the telemarketing calls he received above. With respect to allcityductcleaning.com, Mr. Martin's contact information is contained in their terms of service, https://www.allcityductcleaning.com/terms-of-use/. With respect to solarleadshub.com, it shares the same telephone number as the other telemarketing websites at issue.

**Subpoena 5 – Sinch – Records concerning 469-949-6601.**

Defendant Barry Martin routinely posts on social media websites concerning his telemarketing activities. For example, on November 30, 2022, he posted "Hiring outbound callers! I'm looking for 5-6 candidates that have phone sales and/or outbound call experience. $25/hr plus bonuses. Monday-Friday. Fully remote. W-2 & permanent. Must reside in AZ, NV, or TX."

3



Defendant also routinely posts asking for people to message him on Whats App, to the telephone number 469-949-6601. Plaintiff has identified that telephone number to be assigned to Sinch Voice, operating under the legal name Inteliquent, Inc. Plaintiff seeks a subpoena directed at that entity or any further downstream provider seeking "Contact information for the customer or wholesale customer of 469-949-6601, as of December 26, 2022, including name, company, address, email, and the name used for the payment method, and any phone numbers which the number forwards to."

The basis for this request is that Plaintiff has attempted using skip tracing services to find Defendant Martin, but has been unable to find a physical address for him. Plaintiff has attempted to reach out to the Defendants using their e-mail addresses and has been unable to get into contact with them.

Plaintiff notes that this subpoena is directed at Sinch as well as any subsequent downstream telecommunications provider. Sinch at times re-sells its telephone numbers to other companies, and any responsive records in its control will be that of the next telecommunications provider which re-sells the services versus the end user.

The fact Mr. Martin posts on Facebook advertising that it provides work under a W-2 establishes that there is some sort of official U.S. presence of the telemarketing scheme. The addresses contained on the websites are all virtual offices or non-existent and the ambiguous names used by Defendants do not appear in corporate databases. Plaintiff has been unable to establish the location or whereabouts of Mr. Martin and this subpoena would aid that effort. Plaintiff has attempted to e-mail Mr. Martin multiple times (Oct 15 and Dec 20) without reply.

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendant's actions. The owner of the websites and telephone numbers will have an opportunity to oppose the requested subpoena, to the extent it is granted, by seeking to quash the same, as the subpoena'd entities should provide their customers notice. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is behind Dust Free Today is operating behind that ambiguous name in order to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendant is currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least twice despite not having the required consent to do so, using an automatic telephone dialing system and in violation of the National Do Not Call Registry provisions.

Other Courts have used "Notaro" factors when evaluating whether early discovery is appropriate. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). While Plaintiff does not believe that this Circuit has adopted that approach, the factors weigh in favor and support the granting of this request. The *Notaro* factors are: (1) irreparable injury; (2) some probability of success on the

merits; (3) some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Plaintiff will suffer irreparable injury unless this application is granted, as he is unable to pursue his claims without knowing the true indispensable entity to pursue them against, which the subpoenas will identify. The information on the website provided by Defendant caller has not been enough to identify the true indispensable entity behind the calls. For example, despite the caller providing a website of https://www.dustfreetoday.com, that website does not help Plaintiff identify the indispensable party at issue. The website has a footer that has six different addresses in five states. Plaintiff has also attempted to e-mail the address on the website, but it has bounced.

As to the second factor, Plaintiff believes he is likely to succeed on the merits. As alleged in the Complaint, Plaintiff received several telemarketing phone calls without required consent. As to the third factor, the discovery requested will avoid the irreparable injury, because it would identify who runs the website and telephone numbers, and allow him to pursue claims against that party as well as facilitate service of process. As to the fourth factor, Plaintiff does not believe Defendant will be injured by this request, given that the parties subject to the subpoenas will provide an opportunity to the account owner(s) to object to the request. Plaintiff also will not share the information obtained in the subpoenas outside of the context of this litigation. Moreover, the Defendant still can oppose the relief requested in the complaint after being identified, including the opportunity to raise any affirmative defenses.

The requested information is sought ex parte because pursuant to the discovery rules, Plaintiff has not been able to hold a Rule 26 conference as the Defendant has yet to be identified. Plaintiff is unaware of any counsel for Defendant and has been unable to confer with them.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoenas. A proposed order is included with this filing.

Respectfully submitted,

/ / /

Dated: December 27, 2022                                     /s/ Jorge Alejandro Rojas
                                                             Jorge Alejandro Rojas
                                                             557 Cambridge Way
                                                             Bolingbrook, IL 60440
                                                             Rojas.jorge96@gmail.com
                                                             424-219-1582
                                                             Plaintiff in *Pro Se*

**CERTIFICATE OF SERVICE**

Plaintiff is unaware of any address for any Defendant, but has e-mailed a copy of this filing to the known e-mail addresses, including nadiamartinez4098@gmail.com, barry.martin497@gmail.com, and isaac@janitorialleadspro.com.

                                                             /s/ Jorge Alejandro Rojas
                                                             Jorge Alejandro Rojas